**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSHUA WELLS, individually and on behalf of others similarly situated,<br><br>                      Plaintiff,<br><br>vs.<br><br>MEDIEVAL TIMES U.S.A., INC.,<br><br>                  Defendant. | No.: _____<br><br>Removed from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, No. 2020CH06658 |

## <u>NOTICE OF REMOVAL</u>

Defendant Medieval Times U.S.A., Inc. ("Medieval Times") hereby removes this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to this Court. In support of its Notice of Removal, Medieval Times states as follows:

## I.      INTRODUCTION AND BACKGROUND

1.      Medieval Times files this Notice of Removal pursuant to 28 U.S.C. §§ 1332(d) (or, in the alternative, 28 U.S.C. § 1332(a)), 1441 and 1446. This Notice of Removal is being filed with this Court within 30 days of Medieval Times' receipt of a copy of the initial pleading setting forth the claim for relief upon which such proceeding is based, as provided by 28 U.S.C. § 1446(b).

2.      Plaintiff Joshua Wells ("Plaintiff") commenced this action against Medieval Times in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, by filing a Class Action Complaint, styled *Joshua Wells, individually and on behalf of others similarly situated vs. Medieval Times U.S.A., Inc.,* Case No. 2020CH06658 ("Complaint"). Service was effected on Medieval Times on November 25, 2020.

3. Pursuant to 28 U.S.C. § 1446(a), copies of all papers served on Medieval Times in the state court are attached as Exhibit A.

4. Plaintiff was employed by Medieval Times at a facility in Schaumburg, Illinois for approximately 12 years. Ex. A, Compl., at ¶ 21.

5. Plaintiff's Complaint purports to assert a claim against Medieval Times under the Illinois Biometric Information Protection Act, 740 ILCS 14/1, *et seq*. ("BIPA"). Plaintiff alleges that Medieval Times violated BIPA's mandates concerning collection, storage, and use of his biometric information – specifically, his fingerprints, when he clocked in or out at one of Medieval Times' time clocks. Ex. A, at ¶¶ 4, 18-27, 35-40. Plaintiff seeks statutory damages of $1,000 for each negligent violation or $5,000 for each intentional or reckless violation on his behalf based on this claim. Ex. A, ¶ 41 and p. 10, Prayer for Relief ¶ B.

6. Plaintiff's Complaint also asserts a claim on behalf of a proposed class of individuals consisting of "[a]ll persons: (1) who worked at Medieval Times U.S.A., Inc.'s (or any predecessor entity's) Schaumburg, Illinois location; and (2) whose fingerprint-related information was collected, captured, or received by one of the fingerprint time clocks at that location at any time from five years before the date of Plaintiff's original complaint." Ex. A, at ¶ 29. As to the size of the proposed class, Plaintiff alleges Medieval Times "routinely employed about two hundred persons at its Schaumburg location," and that "new employees were regularly hired as employee turnover was common." *Id.*, at ¶ 30. Plaintiff seeks statutory damages of $1,000 for each negligent violation or $5,000 for each intentional or reckless violation on behalf of the proposed class identified in his Complaint. *Id.,* at ¶41 and p. 10, Prayer for Relief ¶ B.

## II.   GROUNDS FOR REMOVAL

7.     This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), which grants to the United States District Courts original jurisdiction over "any civil action" in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" and is a "class action" in which, among other things, "any member of a class of plaintiffs is a citizen of a State different from any defendant."  *See* 28 U.S.C. § 1332(d)(2).  In the alternative, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), which grants to the United States District Courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States[.]" *See* 28 U.S.C. § 1332(a).

8.     This case meets all the requirements for jurisdiction under CAFA.  The amount in controversy exceeds $5,000,000 and at least one member of the proposed class of plaintiffs is a citizen of a state different from Medieval Times.  *See* 28 U.S.C. § 1332(d)(2).  Additionally, the number of members of the proposed plaintiff class is greater than 100.  *See* 28 U.S.C. § 1332(d)(5)(B).  Alternatively, this case also meets all the requirements for jurisdiction under § 1332(a).  The amount in controversy exceeds $75,000, Plaintiff and Medieval Times are citizens of different states, and Medieval Times is not a citizen of Illinois.

### A.   **Amount in Controversy**

9.     There need be only "a reasonable probability that the stakes exceed" $75,000 to satisfy the amount in controversy requirement under § 1332(a) or the $5,000,000 amount in controversy requirement under CAFA in order to satisfy the amount in controversy requirement. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005).  The Seventh Circuit

has recognized "the difficulty a defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). As such, "the party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Id*. (citing *Brill*, 427 F.3d at 448). This burden "is a pleading requirement, not a demand for proof." *Id*. (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)). Specifically in the BIPA context, a complaint seeking damages for "each" violation "can plausibly be read to suggest that a violation of at least some of the BIPA provisions alleged occurred every time" there was a scan of the plaintiff's biometric data. *Peatry v. Bimbo Bakeries USA, Inc.,* 393 F. Supp.3d 766, 769 (N.D. Ill. 2019); *Fernandez* v. *Kerry, Inc.*, No. 17 C 8971, 2020 WL 1820521, *4 (N.D. Ill. Apr. 10, 2020) (holding, in BIPA class action involving a timekeeping system in which employees use their fingerprints to "punch" in and out of work, that "[t]he law is not clear as to whether, under BIPA, a plaintiff can recover for every fingerprint scan."). The law on this issue is sufficiently unsettled that the Seventh Circuit recently permitted an interlocutory appeal under 28 U.S.C. §1292(b) on the question of whether an entity violates BIPA only when it first collects an individual's biometric information or whether a violation occurs each time an entity collects or discloses the biometric data in violation of BIPA. *In Re: White Castle Sys., Inc.*, No. 20-8029, Dkt. 9 (7th Cir. Nov. 9, 2020) (*Cothron v. White Castle Sys., Inc.,* No. 19-cv-00382, Dkt. 141 (N.D. Ill. Oct. 1, 2020)). Section 1292(b) permits a court of appeals, in its discretion, to grant an interlocutory appeal from an order that "involves a controlling question of law *as to which there is substantial ground for difference of opinion* and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b) (emphasis added); *Ahrenholz v. Bd. of Trs. of Univ. of Ill.,* 219 F.3d

4

674, 675 (7th Cir. 2000) (test for whether to permit an appeal under §1292(b) is that "there must be a question of law, it must be controlling, *it must be contestable*, and its resolution must promise to speed up the litigation.") (emphasis added). Accordingly, at this stage, recovery on a per-punch basis, although uncertain, remains plausible.

10.     Plaintiff's Complaint seeks damages on behalf of Plaintiff during his employment with Medieval Times, and on behalf of a proposed class of current and former Medieval Times employees over the past five years. Ex. A, at ¶ 29. While Medieval Times denies any liability of any kind in this action, and denies that this action may be maintained as a class action, the proposed class, as defined by Plaintiff in his Complaint, could consist of hundreds of current and former Medieval Times employees who are or were working at its Schaumburg location. While the Complaint does not specify a damages figure, it is apparent that the aggregated claims of the putative class plausibly exceed CAFA's jurisdictional minimum. In addition, it is plausible that Plaintiff's claim, by itself, exceeds the individual $75,000 threshold. *See* 28 U.S.C. § 1332(d)(2).

11.     Inasmuch as the Complaint seeks "$1,000 for each negligent violation" and "$5,000 for each intentional or reckless violation" of BIPA by Medieval Times (Ex. A, ¶ 41 and p. 10, Prayer for Relief (B)), it is plausible that Plaintiff seeks to recover $5,000 in damages for each time, over the course of several years, that he was "required to press [his] finger into [Medieval Times]'s fingerprint-scanner time clock" in order to begin or end his workday or take a meal break. Ex. A, at ¶ 18. Accordingly, based purely on the Complaint's allegations, if Plaintiff clocked in or out using the fingerprint scanning process a mere 16 times over the course of several years, it is plausible that he seeks to recover damages in excess of $75,000.

12.     Applying this same damages theory to the putative class would well exceed the jurisdictional threshold under CAFA. Plaintiff alleges that each class member is entitled to recover

up to $5,000 individually for each time he or she clocked in or out using the fingerprint scanning process. Ex. A, at ¶ 41 and p. 10, Prayer for Relief (B). Even assuming there are only 200 class members (a number far lower than suggested by Plaintiff's Complaint (*see* Ex. A, at ¶ 30)), an average of just six fingerprint scans each would put the class claim over $5,000,000 in the aggregate, thus satisfying the CAFA amount in controversy requirement.

13.     Additionally, Plaintiff seeks "injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class[.]" Ex. A, at p. 10, Prayer for Relief (C). Medieval Times disputes that it has violated BIPA and that any injunctive relief is appropriate. However, strictly for removal purposes and based on Plaintiff's allegations, the costs of Plaintiff's individual claim for injunctive relief itself could exceed $75,000. "[T]he cost a defendant incurs in complying with injunctive relief is a legitimate consideration in a jurisdiction inquiry." *Tropp v. W.-S. Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004) (holding diversity jurisdiction exists where "the costs of implementing the injunctive relief requested by [plaintiff] in the original complaint would exceed $75,000").

**B.      Diversity of Citizenship**

14.     Plaintiff is a citizen and resident of Illinois. Ex. A, at ¶ 7.

15.     Plaintiff seeks to certify a class. Plaintiff himself is a class member and as noted is an Illinois citizen. It is likely that the majority of proposed class members, who consist of current and former employees of Medieval Times' Schaumburg, Illinois facility, are also Illinois citizens or at least are not citizens of Delaware or Texas, the states where Medieval Times is a citizen. *Id.*, at ¶ 29.

16.     Medieval Times is a Delaware corporation headquartered in Texas, with its principal place of business also in Texas. Ex. A, at ¶ 8; Decl. of Julie Muenzler (attached hereto as Exhibit B), at ¶ 2. Medieval Times is a citizen of Delaware and Texas.

17.     Diversity jurisdiction therefore exists in this action pursuant to 28 U.S.C. § 1332(a) and (d)(2).

**C.     Size of Proposed Class**

18.     The proposed class is greater than 200 members (*see* Ex. A, at ¶ 30) and therefore exceeds 100 members as required by CAFA. *See* 28 U.S.C. § 1332(d)(5)(b).

## III.     CONCLUSION

19.     Based upon the foregoing, all requirements for removal to this Court on the basis of both CAFA and complete diversity jurisdiction have been met.

WHEREFORE, Defendant Medieval Times U.S.A., Inc., hereby removes this action to this Court.

Dated: December 23, 2020

Respectfully submitted,

MEDIEVAL TIMES U.S.A., INC.,
Defendant

By:     /s/ Mark L. Shapiro
          One of Its Attorneys

Mark L. Shapiro (ARDC #2566753)
Phillip M. Schreiber (ARDC #209973)
Kelly D. DeWitt (ARDC #6272902)
Holland & Knight LLP
150 North Riverside Plaza, Suite 2700
Chicago, Illinois 60606
312-263-3600
312-578-6666 (facsimile)
mark.shapiro@hklaw.com
phillip.schreiber@hklaw.com
kelly.dewitt@hklaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that on December 23, 2020, a true copy of the foregoing **NOTICE OF REMOVAL** was served via electronic mail on the following counsel of record:

> Keith J. Keogh
> Michael S. Hilicki
> Keogh Law, Ltd.
> 55 W. Monroe, Ste. 3390
> Chicago, IL 60603
> keith@keoghlaw.com
> mhilicki@keoghlaw.com
>
> *Attorneys for Plaintiff*

/s/ Mark L. Shapiro