# EXHIBIT A

Return Date: No return date scheduled
Hearing Date: 11/23/2020 10:00 AM - 10:00 AM
Courtroom Number: N/A
Location: District 1 Court
    Cook County, IL

FILED
11/18/2020 2:11 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH06658

11185065

FILED DATE: 11/18/2020 2:11 PM  2020CH06658

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Joshua Wells

(Name all parties)

v.

Medieval Times U.S.A., Inc.

Case No.   2020CH06658

### ☑ SUMMONS ☐ ALIAS SUMMONS

To each Defendant:   Medieval Times U.S.A., Inc., c/o CT Corporation Ssytem
208 S. LaSalle St, Suite 814, Chicago, IL 60603

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

**Summons - Alias Summons**      **(08/01/18) CCG 0001 B**

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 39042

Atty Name: Michael Hilicki

Atty. for: Joshua Wells

Address: 55 W. Monroe St, Suite 3390

City: Chicago

State: IL    Zip: 60603

Telephone: 312-726-1093

Primary Email: MHilicki@Keoghlaw.com

Witness: 11/18/2020 2:11 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service:
(To be inserted by officer on copy left with Defendant or other person).

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

FILED DATE: 11/18/2020 2:11 PM   2020CH06658

FILED DATE: 11/18/2020 2:11 PM   2020CH06658

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

FILED
11/6/2020 12:27 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH06658

11052518

**IN THE**
**CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| JOSHUA WELLS, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: **2020CH06658** |
| v. | ) ) ) | |
| MEDIEVAL TIMES U.S.A., INC., | ) ) ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Joshua Wells, brings this class action complaint against Defendant, Medieval Times U.S.A., Inc., for its violation of the Illinois Biometric Privacy Act, and alleges:

### NATURE OF THE ACTION

1.     Recognizing the need to protect citizens from the risk of identity theft, Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), to regulate companies that collect and store biometric data, such as fingerprints or information derived therefrom.

2.     Yet, when employees are hired to work at Medieval Times ("MT"), they must scan their fingerprints into one of its biometric time clocks. Thenceforth, the employees press their finger into the time clock to "punch" in and out of work each day, so MT can record its employees' arrival, departure, and meal-break times.

3.     This use of biometric time clocks in the workplace entails serious risks. Unlike key fobs or identification cards—which can be changed or replaced if stolen or compromised—

1

FILED DATE: 11/6/2020 12:27 PM   2020CH06658

FILED DATE: 11/6/2020 12:27 PM   2020CH06658

fingerprints are permanent, unique biometric identifiers associated with the employee. This exposes employees to serious and irreversible privacy risks. For example, if a device or database containing fingerprint data is hacked, breached, or otherwise exposed, employees have no means by which to prevent identity theft and unauthorized tracking.

4.      Despite BIPA's protections, MT disregarded its employees' privacy rights, unlawfully collected, stored, and/or used their biometric information in violation of the BIPA. Specifically, MT violated the BIPA by failing to:

- •      Inform its employees in writing that it was storing their fingerprint information;

- •      Inform its employees in writing of the specific purposes and length of time for which it was collecting, storing, and using their fingerprint information;

- •      Provide a publicly available retention schedule and guidelines for permanently destroying its employees' fingerprint information; or

- •      Obtain written releases from its employees allowing it to collect, capture, or otherwise obtain their fingerprint information.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over MT pursuant to 735 ILCS 5/2-209(a) because MT transacts business and committed tortious acts in Illinois.

6.      Venue is proper because in MT employs its Illinois staff at 2001 N Roselle Rd., Schaumburg, Illinois 60195, in Cook County, and the actions alleged herein occurred at that location.

## PARTIES

7.      Plaintiff Joshua Wells is a natural person and resident of the State of Illinois.

8.      Defendant MT is a Delaware corporation headquartered in Irving Texas. MT owns and operates a medieval-themed dinner theater in Schaumburg, Illinois.

2

104073

FILED DATE: 11/6/2020 12:27 PM    2020CH06658

## FACTUAL BACKGROUND

### I.      The Biometric Information Privacy Act.

9.      In the 2000's, major national corporations started using Chicago and other locations in Illinois to test new applications of biometric-facilitated transactions, such as finger-scan technologies. *See* 740 ILCS 14/5(b).

10.     Biometrics are unlike other identifiers. For example, when an identification card or number is compromised, it can be changed. Biometrics, however, are biologically unique to the individual. Thus, once compromised, the individual has no recourse, and is at heightened risk for identity theft. *See* 740 ILCS 14/5(c).

11.     In late 2007, a biometrics company called Pay by Touch—which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions—filed for bankruptcy. That bankruptcy was alarming to the Illinois legislature because suddenly there was a serious risk that citizens' fingerprint records—which, like other unique biometric identifiers, can be linked to people's sensitive financial and personal data—could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections. The bankruptcy also highlighted that many persons who used that company's fingerprint scanners were unaware that the scanners were transmitting their data to the now-bankrupt company, and that their biometric identifiers could then be sold to unknown third parties.

12.     Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted the BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276, p.249 (May 30, 2008); and *see* 740 ILCS 14/5(g).

13.     The BIPA makes it unlawful for a company to collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric

104073

FILED DATE: 11/6/2020 12:27 PM   2020CH06658

information, unless it *first*:

> (1) informs the subject in writing that a biometric identifier or biometric information is being collected or stored;

> (2) informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

> (3) receives a written release executed by the subject of the biometric identifier or biometric information.

740 ILCS 14/15(b).

14. These restrictions were specifically meant to apply to Illinois employees. The BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS 14/10.

15. The BIPA also requires companies to develop and comply with a written policy— made available to the public—establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied, or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS 14/15(a).

16. The BIPA also prohibits a private entity in possession of a biometric identifier or information from selling, leasing, trading, or otherwise profiting from that information, and it generally prohibits disclosing or disseminating a person's biometric identifier or information without the person's consent. 740 ILCS 14/15(c) and (d).

17. By the time Illinois enacted the BIPA in 2008, many companies that had experimented with using biometric data as an authentication method stopped. That is because Pay By Touch's bankruptcy, described above, was widely publicized and brought attention to the

4

104073

FILED DATE: 11/6/2020 12:27 PM   2020CH06658

public's discomfort with the use of their biometric data. Despite the recognized dangers of using biometric data, a number of companies still use biometric scanners to identify their employees.

18.     MT is one such company. Since at least 2013, every time MT's Schaumburg employees began and ended their workdays, or took meal breaks, they were required to press their finger into MT's fingerprint-scanner time clock to identify themselves and register their arrival or departure, for payroll purposes. Upon pressing their finger into the time clock, the system captured their fingerprint information and compared it to the fingerprint information MT kept on file for them.

19.     Despite using this technology, and despite the fact BIPA has been the law for more than a decade, MT did not (a) inform its employees in writing that it would capture or store their fingerprint information; (b) inform its employees in writing of the specific purposes and length of time for which it would capture, store, and use employee fingerprint information; or (c) obtain a written release from each employee authorizing MT to capture or store their fingerprint information, thus violating BIPA.

20.     Also MT did not give its employees a written, publicly-available policy identifying its retention schedule, or guidelines for permanently destroying their fingerprint information when the initial purpose for capturing that information was no longer relevant, as required by the BIPA. Thus, when an employee left the company, the employee was not told when their biometric information will be removed from MT's database—if ever—in further violation of BIPA.

**II.     Plaintiff's Factual Allegations**

21.     For about twelve years, Plaintiff worked for MT at its Schaumburg location in several jobs, including server, bartender and, ultimately, manager.

104073

FILED DATE: 11/6/2020 12:27 PM   2020CH06658

22.     As an MT employee, Plaintiff was required to scan two of his fingerprints into one of MT's fingerprint-scanner time clocks.

23.     MT stored Plaintiff's and other employees' fingerprint information in its computer system.

24.     Each time Plaintiff and other employees at MT's Schaumburg location began and ended their workdays, and when they took a meal break, they were required to press their finger into MT's fingerprint-scanner time clock to register their arrival or departure, which then captured their fingerprint information and compared it to the fingerprint information on file to identify them.

25.     Plaintiff was never informed in writing of the purposes or length of time for which MT captured, stored, or used his fingerprint information.

26.     Plaintiff was not informed of any biometric data retention policy at MT, nor was he ever informed of whether MT will ever permanently delete his fingerprint information.

27.     Plaintiff was never provided with nor ever signed a written release allowing MT to capture or store his fingerprint information.

28.     As a result of MT's actions, Plaintiff is concerned about what happened to the fingerprint information MT collected for him, whether MT ever deleted his information, and whether (and with whom) MT may have shared his information.

## CLASS ALLEGATIONS

29.     Plaintiff brings his action on behalf of himself and the following class of similarly-situated individuals:

> All persons: (1) who worked at Medieval Times U.S.A., Inc.'s (or any predecessor entity's) Schaumburg, Illinois location; and (2) whose fingerprint-related information was collected, captured, or received by one of the fingerprint time clocks at that location at any time from five years before the date of Plaintiff's original complaint to the date the class is certified. The following people are excluded

FILED DATE: 11/6/2020 12:27 PM    2020CH06658

from the Class: (1) any judge presiding over the action and their families and staff; (2) MT and its owners, officers, directors, parents, subsidiaries, successors, predecessors; and (3) Plaintiff's and MT's counsel and their staffs.

Plaintiff reserves the right to amend this definition following discovery about the class.

30.     The class is so numerous that joinder is impracticable. MT routinely employed about two hundred persons at its Schaumburg location, new employees were regularly hired as employee turnover was common, MT's policy was to have its employees use its fingerprint scanner to "clock in" and "clock out," and thus it collected, captured, received, or otherwise obtained biometric identifiers or biometric information from each such employee.

31.     There are questions of law or fact common to the Class that predominate over any questions that may affect individual members. The common questions include, but are not necessarily limited to:

   a) whether MT collected, captured, or otherwise obtained the Class's biometric identifiers or information;

   b) whether MT informed Class members in writing of the specific purposes for collecting, using, and storing their biometric identifiers or information, and the length of time it would store or use them;

   c) whether MT obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store the Class's biometric identifiers or information;

   d) whether MT disclosed or re-disclosed the Class members' biometric identifiers or information to any third party;

   e) whether MT sold, leased, traded, or otherwise profited from the Class's biometric identifiers or information;

   f) whether MT developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and information;

   g) whether MT complies with any such written policy;

   h) whether MT violated the BIPA; and

7

FILED DATE: 11/6/2020 12:27 PM   2020CH06658

i)  whether MT's BIPA violations were negligent, reckless, or intentional.

32.     Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex and class action litigation. Plaintiff has no interests antagonistic to those of the Class.

33.     A class action is appropriate to resolve the claims at issue because: (i) the prosecution of separate actions by the members of the Class would wastefully burden the judicial system with the need to resolve the common factual and legal questions this case presents over and over; (ii) requiring members of the Class to prosecute their own individual lawsuits would work an injustice, as it would prevent Class members who are unaware they have a claim, or lack the time, ability, or wherewithal to bring their own lawsuit and find a lawyer willing to take their case, from obtaining relief; (iii) requiring individual Class member lawsuits would create a risk of adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests, or create conflicting and incompatible standards of conduct; and (iv) proceeding on a class basis will not create any significant difficulty in the management of this litigation, as the class members' claims can be proven from MT's business records, and class members will be easily identified from MT's employment records.

## COUNT I
### Violation of 740 ILCS 14/1, *et seq.*
### (On Behalf of Plaintiff and the Class)

34.     Plaintiff incorporates the above allegations as if fully set forth herein.

35.     The BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, the BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's ....

8

104073

FILED DATE: 11/6/2020 12:27 PM   2020CH06658

biometric identifier or biometric information, unless [the entity] first: (1) informs the subject ....
in writing that a biometric identifier or biometric information is being collected or stored; (2)
informs the subject .... in writing of the specific purpose and length of term for which a biometric
identifier or biometric information is being collected, stored, and used; and (3) receives a written
release executed by the subject of the biometric identifier or biometric information...." 740 ILCS
14/15(b) (emphasis added).

36.     The BIPA also mandates that companies in possession of a biometric identifiers or
information establish and maintain a satisfactory biometric data retention and—importantly—
deletion policy. Specifically, such companies must: (i) make publicly available a written policy
establishing a retention schedule and guidelines for permanently destroying biometric identifiers
and information when the initial purpose for collecting or obtaining that data has been satisfied
(*e.g.*, when the employment relationship ends); and (ii) actually adhere to that schedule. *See* 740
ILCS 14/15(a).

37.     Plaintiff's and Class members' fingerprints are "biometric identifiers," as defined
by the BIPA. *See* 740 ILCS 14/10.

38.     MT captured Plaintiff's and the Class members' fingerprints or information based
on their fingerprints to identify them, and thus that data is "biometric information" under the BIPA.
*See* 740 ILCS 14/10.

39.     MT is a privately-owned corporation, and thus a "private entity" subject to BIPA.
*See* 740 ILCS 14/10.

40.     Nevertheless, MT negligently, recklessly, or intentionally violated the BIPA's
mandates.

9

41.     MT's deprivation of Plaintiff's and the Class members' rights under the BIPA render it liable to Plaintiff and the Class members for $1,000 or $5,000 in liquidated damages per violation, plus equitable relief, attorneys' fees, and costs. 740 ILCS 14/20.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Joshua Wells, on behalf of himself and the Class, respectfully requests that the Court enter an Order:

A.      Certifying this case as a class action on behalf of the Class defined above (or on behalf of such other class the Court deems appropriate), appointing Plaintiff as representative of the Class, and appointing his attorneys as class counsel;

B.      Awarding liquidated damages of $1,000 for each negligent violation, and $5,000 for each intentional or reckless violation, of the BIPA that MT committed;

C.      Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including an order requiring MT to destroy their biometric identifiers and information after termination of the employment relationship;

D.      Awarding Plaintiff and the Class their reasonable attorneys' fees and costs; and

E.      Awarding such other and further relief as equity and justice may require.

Dated: November 6, 2020                            Respectfully submitted,

                                                   s/Michael S. Hilicki
                                                   Keith J. Keogh
                                                   Michael S. Hilicki
                                                   KEOGH LAW, LTD.
                                                   Firm No. 39042
                                                   55 W. Monroe
                                                   Ste. 3390
                                                   Chicago, IL 60603
                                                   312.726.1092 (ph)
                                                   312.726.1093 (fax)
                                                   keith@keoghlaw.com
                                                   mhilicki@keoghlaw.com

FILED DATE: 11/6/2020 12:27 PM   2020CH06658

10

104073

FILED DATE: 11/6/2020 12:27 PM   2020CH06658

**Illinois Supreme Court Rule 222 Declaration**

I, Michael S. Hilicki, an attorney, hereby declare under penalty of perjury that the total of money damages sought in this action exceeds $50,000.

s/*Michael S. Hilicki*
Michael S. Hilicki
One of Plaintiff's Attorneys

11

104073

FILED DATE: 11/6/2020 12:27 PM   2020CH06658

Firm No. 39042

## IN THE
## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| JOSHUA WELLS, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: |
| v. | ) ) ) | |
| MEDIEVAL TIMES U.S.A., INC., | ) ) | |
| Defendant. | ) | |

## CERTIFICATION OF JOSHUA WELLS
## IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

I, Joshua Wells, certify under penalty of perjury, as provided for by 735 ILCS 5/1-109, that the following statements are true:

1.      I am over the age of 18 and the named Plaintiff in this lawsuit.

2.      I have personal knowledge of the facts stated herein and, if called upon to testify to those facts, I could and would competently do so.

3.      I understand that this is a proposed class action and that I am the proposed class representative.

4.      I understand that a class action is a lawsuit brought by at least one person on behalf of a group of people who have been treated in the same or essentially the same manner by the defendant.

5.      I understand the proposed class here includes other persons who, like me, Medieval Times did not: (a) inform in writing that it would store their fingerprint information;

78832

FILED DATE: 11/6/2020 12:27 PM  2020CH06658

(b) inform in writing of the specific purposes and length of time for which it would collect, store, and use their fingerprint information; (c) get a written release authorizing Medieval Times to collect or store their fingerprint information; or (d) give a written, publicly-available policy identifying its retention schedule, or guidelines for permanently destroying fingerprint information.

6.      I am willing to be a representative of the class.

7.      To my knowledge, I have no interests antagonistic to those of the class members. I believe my interests are entirely consistent with the class members' interests because I seek relief for myself and the class for Medieval Times's common violation of its obligation to: (a) inform us in writing that it would store our fingerprint information; (b) inform us in writing of the specific purposes and length of time for which it would collect, store, and use our fingerprint information; (c) get written releases from us authorizing it to collect or store our fingerprint information; and (d) maintain a written, publicly-available policy identifying its retention schedule, or guidelines for permanently destroying our fingerprint information.

8.      I understand that as a class representative I have the responsibility: a) to consider the class's interests when making any decisions about the case and make all such decisions in the interests of the class, not just my own interests; b) to participate in the case and consult with my attorneys about the case; and c) to testify at a deposition and/or trial and provide documents and information for use in the case if needed.

9.      I have arranged for my attorneys to advance all costs of this action, including the cost of notification of the class.

2

10. I understand that courts have sometimes awarded people money for serving the class representative, but that I am not entitled to any such payment, and that I have not been promised or guaranteed money for being the class representative.

11. I am not employed by or related to my attorneys in this matter.

Joshua Wells

FILED DATE: 11/6/2020 12:27 PM   2020CH06658

3

FILED DATE: 11/6/2020 12:27 PM   2020CH06658

Chancery Division Civil Cover Sheet
General Chancery Section                                               (02/19/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

Joshua Wells
_____
                                    Plaintiff

                    v.                          Case No: _____

MEDIEVAL TIMES U.S.A., INC.
_____
                                    Defendant

### CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | |
|---|---|---|
| 0005 | ☐ | Administrative Review |
| 0001 | ☑ | Class Action |
| 0002 | ☐ | Declaratory Judgment |
| 0004 | ☐ | Injunction |
| | | |
| 0007 | ☐ | General Chancery |
| 0010 | ☐ | Accounting |
| 0011 | ☐ | Arbitration |
| 0012 | ☐ | Certiorari |
| 0013 | ☐ | Dissolution of Corporation |
| 0014 | ☐ | Dissolution of Partnership |
| 0015 | ☐ | Equitable Lien |
| 0016 | ☐ | Interpleader |

| | | |
|---|---|---|
| 0017 | ☐ | Mandamus |
| 0018 | ☐ | Ne Exeat |
| 0019 | ☐ | Partition |
| 0020 | ☐ | Quiet Title |
| 0021 | ☐ | Quo Warranto |
| 0022 | ☐ | Redemption Rights |
| 0023 | ☐ | Reformation of a Contract |
| 0024 | ☐ | Rescission of a Contract |
| 0025 | ☐ | Specific Performance |
| 0026 | ☐ | Trust Construction |
| 0050 | ☐ | Internet Take Down Action (Compromising Images) |

☐ Other (specify) _____

◉ Atty. No.: 39042 _____   ○ Pro Se 99500

Atty Name: Michael Hilicki _____

Atty. for: Joshua Wells _____

Address: 55 W. Monroe St, Suite 3390 _____

City: Chicago _____ State: il ___

Zip: 60603 _____

Telephone: 312-726-1092 _____

Primary Email: MHilicki@Keoghlaw.com _____

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

**IN THE**
**CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| JOSHUA WELLS, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 2020 CH 06658 |
| v. | ) ) ) | |
| MEDIEVAL TIMES U.S.A., INC., | ) ) ) | |
| Defendant. | ) | |

### [PROPOSED] ORDER

This case coming before the Court on Plaintiff's Motion for Class Certification and Plaintiff's Motion to Appoint Special Process Server, and the Court being fully advised in the premises, IT IS HEREBY ORDERED:

1.     Plaintiff's motion for class certification is entered and continued generally to the initial case management hearing, which is set for March 8, 2021 at 10:00 a.m.;

2.     Because the Sheriff reports it generally is not affecting service of process in civil matters during the pandemic, Plaintiff's motion to appoint Kyle Clutter of Clutter Investigation as special process server to effectuate service on Defendant Medieval Times U.S.A., Inc., is granted; and

3.     The hearing set for November 23, 2020 at 10:00 a.m. is hereby stricken.

Dated this 19th day of November, 2020, at Chicago, Illinois.

Hon. Neil H. Cohen, #2021
Circuit Court Judge
11.19.20

Keogh Law, Ltd.
Firm No. 39042
55 W. Monroe St., Ste. 3390
Chicago, Il 60603
Tel: 312-726-1092
Fax: 312-726-1093
keith@keoghlaw.com
mhilicki@keoghlaw.com
*Attorneys for Plaintiff*

ENTERED
NOV 19 2020
OF THE
OF COOK COUNTY, IL

105571

## Clutter Investigations Inc. DBA Courthouse Courier

## Priority:  STANDARD                    Field Sheet #2020001950

Received: 11/20/2020 at 6:23 am
Court Date:          Filed:

## SERVE:
**Work:  Medieval Times U.S.A., Inc., c/o CT Corporation System, 208 S. LaSalle St. Suite 814, Chicago, IL 60603**

**SPECIAL INSTRUCTIONS:**

| Attempts | | | Server:  **Kyle Clutter** |
|---|---|---|---|
| | Date | Time | Comments |
| 1. | / | | |
| 2. | / | | |
| 3. | / | | |
| 4. | / | | |
| 5. | / | | |
| 6. | / | | |
| 7. | / | | |
| 8. | / | | |

**Actual Service Info**

Type: _____  Married? _____  Military? _____  Miles _____

Served on: _____  As: _____  Hours _____

Address: _____  Additional Addr:  1  2  3

Comments: _____  Courier _____

Out of Pocket Costs

Age ____  Sex  M  F  Race _____  Height _____  Weight _____  Hair _____  Glasses  Y  N

Case Number: 2020CH06658   Cook   Chancery Division
Plaintiff                                    Defendant
Joshua Wells, individually and on            Medieval Times U.S.A., Inc.

**Type of Writ: Summons, Class Action Complaint, Certification of Joshua Wells in Support of Plaintiff's Motion for Class Certification, Civil Cover Sheet, and Order on Plaintiff's Motion to Appoint Special Process Server**

Client:
Firm:    Keogh Law, Ltd.
Phone:   (312) 726-1092     Fax: (312) 726-1093
Client Reference Number:

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

Return Date: No return date scheduled
Hearing Date: 11/23/2020 10:00 AM - 10:00 AM
Courtroom Number: N/A
Location: District 1 Court
    Cook County, IL

FILED
11/18/2020 2:11 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH06658

11185065

FILED DATE: 11/18/2020 2:11 PM   2020CH06658

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Joshua Wells

                 (Name all parties)

v.

Medieval Times U.S.A., Inc.

Case No.    2020CH06658

### ☑ SUMMONS    ☐ ALIAS SUMMONS

To each Defendant:    Medieval Times U.S.A., Inc., c/o CT Corporation Ssytem
                    208 S. LaSalle St, Suite 814, Chicago, IL 60603

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

Summons - Alias Summons               **(08/01/18) CCG 0001 B**

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.**

Atty. No.: 39042

Atty Name: Michael Hilicki

Atty. for: Joshua Wells

Address: 55 W. Monroe St, Suite 3390

City: Chicago

State: IL    Zip: 60603

Telephone: 312-726-1093

Primary Email: MHilicki@Keoghlaw.com

Witness: 11/18/2020 2:11 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service:
(To be inserted by officer on copy left with
Defendant or other person):

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

FILED DATE: 11/18/2020 2:11 PM 2020CH06658